**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **PRENTICE EUGENE PONDS II,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )   **Case No. 19-CV-0678-JED-JFJ** |
| | ) |
| **SCOTT CROW,** | ) |
| | ) |
| **Respondent.** | ) |

## OPINION AND ORDER

Petitioner Prentice Eugene Ponds II, a state inmate appearing through counsel, commenced this action on December 12, 2019, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 2). In response to the petition, Respondent filed a motion (Doc. 4) and supporting brief (Doc. 5), urging the Court to dismiss the petition because Petitioner failed to exhaust available state-court remedies as to some claims asserted in the petition. Petitioner did not file a response to the dismissal motion. For the reasons that follow, the Court grants respondent's motion and dismisses the petition for writ of habeas corpus, without prejudice, for failure to exhaust available remedies in state court.

## I.    Background

Petitioner seeks federal habeas relief from the judgment entered against him in the District Court of Tulsa County, Case No. CF-2016-2270. Following a trial, the jury convicted Petitioner of committing robbery by force or fear and filing a fraudulent insurance claim, found petitioner had at least two prior felony convictions, and recommended sentences of life imprisonment and

25 years' imprisonment.  Doc. 5-1, at 1.[1]  The trial court sentenced petitioner accordingly, ordering the sentences to be served consecutively.  *Id.*

Represented by counsel, Petitioner filed a direct appeal.  Doc. 5-2.  He alleged (1) the trial judge's employment history created an appearance of impropriety that required the judge to recuse, (2) the State violated his right to present a defense by preventing a critical witness from testifying, (3) trial counsel failed to provide effective assistance, (4) the trial court erred in failing to give a "stand your ground" instruction, (5) his life sentence is excessive, (6) the State failed to prove all elements of robbery by force or fear, (7) the trial court erred in failing to give a "self-defense" instruction, and (8) the State violated his "14th Amendment right by not properly instructing the jury as to the law."  Doc. 5-1, at 2.  In an unpublished summary opinion filed August 9, 2018, in Case No. F-2017-1052, the Oklahoma Court of Criminal Appeals affirmed petitioner's judgment and sentence.  *Id.* at 1, 18.  Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.  Doc. 2, at 12.

Proceeding *pro se*, Petitioner filed an application for postconviction relief in the District Court of Tulsa County on February 20, 2019.  Doc. 6-1, at 1.  In that application, he claimed (1) he was arrested without probable cause, (2) a juror who was not proficient in English was not qualified to serve on the jury, (3) the prosecutor committed misconduct during trial, and (4) appellate counsel performed deficiently by failing to raise these three claims on direct appeal.  *Id.* at 2-18.  The state district court denied relief on March 28, 2019, Petitioner appealed, and the OCCA affirmed the denial of relief on June 25, 2019.  Docs. 5-3, 5-6.

Represented by counsel, Petitioner filed a second application for postconviction relief on

---

[1] For consistency, the Court's citations to the record refer to the CM/ECF header pagination.

December 12, 2019. Doc. 5-7. In the second application, Petitioner alleged appellate counsel was ineffective (1) due to counsel's illness during the pendency of the appeal, and for failing to raise claims regarding (2) the allegedly unqualified juror, (3) trial counsel's failure to request an 85% rule jury instruction, (4) "trial counsel's failure to move to strike the admission of a judgment and sentence to show an after-former conviction despite two counts being entirely transactional," (5) trial counsel's and the trial court's failure to consider two allegedly exculpatory photographs, (6) trial counsel's failure to move to exclude a 1991 judgment and sentence document introduced at the preliminary hearing without a certified copy, (7) an allegedly unknowing and involuntary confession, (8) trial counsel's failure to challenge the confession, (9) the sufficiency of the evidence as to Count 2, the insurance fraud charge, (10) trial counsel's failure to make certain objections based on alleged hearsay, speculation, lack of proper foundation, and "evidence of burden-shifting," (11) trial counsel's failure to object to the introduction of allegedly unwarned custodial statements, (12) trial counsel's failure to challenge alleged prosecutorial misconduct, (13) the need for an evidentiary hearing on appeal, and (14) trial counsel's failure to properly voir dire the allegedly unqualified juror. Doc. 5-7, at 6-8. The state district court dismissed Petitioner's second application for postconviction relief on February 11, 2020, and Petitioner appealed. *See* Docket Sheet, *State v. Ponds*, No. CF-2016-2270, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-2016-2270 &cmid=2942011, last visited July 18, 2020.[2] Petitioner's postconviction appeal from the denial

---

[2] When Respondent filed his dismissal motion and supporting brief, the state district court had not issued a ruling on the second application for postconviction relief. Doc. 5, at 9. For more recent developments in the state postconviction proceeding, the Court takes judicial notice of court records available to the public through the Oklahoma State Courts Network. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting federal courts have discretion to take judicial notice of publicly-filed records in other courts).

of his second application is pending in the OCCA.  *See* Docket Sheet, *Ponds v. State*, No. PC-2020-390, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number= PC-2020-390&cmid=128314, last visited July 18, 2020.

Petitioner, represented by counsel, filed the instant habeas petition on December 12, 2019, the same day he filed his second application for postconviction relief in state district court.  Doc. 2, at 1.  He identifies five claims for relief, but he admits that some portions of his claims are not fully exhausted.  *Id.* at 16, 33-58.  In the petition, he requests a stay of this habeas proceeding pending the conclusion of his state postconviction proceeding.  *Id.* at 16.

Respondent contends the petition should be dismissed because it is a "mixed petition," i.e., a petition that includes both exhausted and unexhausted claims.  Doc. 5, at 11-14.  Respondent argues that it would be more appropriate to dismiss the petition than to grant a stay because (1) petitioner has neither alleged nor demonstrated that he can make the showings necessary to obtain a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), and (2) petitioner will have sufficient time to file a habeas petition following the conclusion of his state postconviction proceeding.  Doc. 5, at 14-15.  As an alternative to dismissal, Respondent suggests the Court could provide Petitioner the option of amending his petition to omit the unexhausted claims.  *Id.* at 16.

Petitioner did not file a response to the motion to dismiss.

## II.    Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) generally "prohibits federal courts from granting habeas relief to state prisoners who have not exhausted available state remedies."  *Ellis v. Raemisch*, 872 F.3d 1064, 1076 (10th Cir. 2017); *see also* 28 U.S.C. § 2254(b)(1).  Thus, when a habeas petitioner files a mixed petition, the court may (1) dismiss the entire petition without prejudice and permit the petitioner to return to state court to exhaust

unexhausted claims, (2) employ the procedure sanctioned by *Rhines* and stay the habeas proceeding while the petitioner returns to state court to exhaust unexhausted claims, (3) allow the petitioner to amend the petition to dismiss unexhausted claims and proceed only on exhausted claims, or (4) deny the entire petition on the merits. *Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016).

For three reasons, the Court agrees with Respondent that a dismissal, rather than a stay, is appropriate in this case. First, while Petitioner requests a stay, he fails to support that request with any explanation as to why a stay is necessary. Doc. 2, at 16. Second, because Petitioner's second postconviction appeal is pending in the OCCA, his one-year limitation period is currently tolled under § 2244(d)(2), suggesting that a stay is unnecessary. Third, dismissing the petition without prejudice would not place Petitioner at risk of losing his opportunity to obtain federal habeas review of his claims once he has properly exhausted them. As Respondent contends, Petitioner mistakenly identifies August 9, 2018, the date the OCCA affirmed his state-court judgment, as the date his one-year limitation period commenced. Doc. 2, at 18-21; Doc. 5, at 14-15. He thus believed it was necessary to file the instant habeas petition on or before December 13, 2019. Doc. 2, at 21. However, for purposes of § 2244(d)(1)(A), Petitioner's state-court judgment became final on November 8, 2018, when the time expired for Petitioner to file a petition for writ of certiorari in the United States Supreme Court. *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Petitioner's one-year limitation period commenced the next day and would have expired on November 9, 2019. But his one-year limitation period was tolled from February 20, 2019, when he filed his first application for postconviction relief, to June 25, 2019, when the OCCA affirmed the denial of that application. It was also tolled beginning December 12, 2019, when he filed his second application for postconviction relief, and will remain tolled until the OCCA issues a ruling

in his second postconviction appeal.  Accounting for these two periods of statutory tolling, only 272 days of Petitioner's one-year limitation period have passed.  As a result, if Petitioner does not obtain relief in state court, he will have roughly 90 days from the date the OCCA issues it ruling to file a federal habeas petition that contains only properly exhausted claims.

Under these circumstances, the Court concludes that Respondent's dismissal motion should be granted and that the petition for writ of habeas corpus should be dismissed, without prejudice, for failure to exhaust available state remedies.  Further, because Petitioner concedes that some of his claims, or portions of those claims, are unexhausted and acknowledges that he has a postconviction proceeding pending in state court, the Court finds that reasonable jurists would not debate the Court's determination that the circumstances of this case warrant dismissal of the petition.  The Court therefore declines to issue a certificate of appealability.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.  Respondent's motion to dismiss (Doc. 4) is **granted**.

2.  The petition for writ of habeas corpus (Doc. 2) is **dismissed without prejudice** for failure to exhaust available state remedies.

3.  A certificate of appealability is **denied**.

4.  A separate judgment shall be entered in this matter.

ORDERED this 21st day of July 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT